**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| IN RE: | |
| | **CHAPTER 7** |
| NEIL WALLACE MILLER | |
| MARIA DANIELLE MILLER | |
| | **CASE NO. 17-21267** |
| DEBTORS | |
| | |
| ASHLEY GRIPSHOVER, Individually | |
| and as Trustee to J.G.M. and E.S.P., minor | **PLAINTIFF** |
| children, | |
| | |
| V. | **ADV. PROC. NO. 17-2020** |
| | |
| NEIL WALLACE MILLER and | |
| MARIA DANIELLE MILLER | **DEFENDANTS** |

**MEMORANDUM OPINION GRANTING**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**

This case involves the tragic death of Plaintiff's husband, the father of her children. A state court civil judgment rendered against the Debtors/Defendants resulted in Plaintiff filing this action to except her claims from Debtors' discharge pursuant to § 523(a)(6).[1]

This matter originally was set for a trial on October 25, 2018. However, at the pretrial conference, counsel for Plaintiff Ashley Gripshover advised that, because the parties stipulated to the admissibility of her exhibits, Plaintiff did not intend to offer witness testimony (from herself or any other party) at the trial. Instead, Plaintiff would rest her case upon the parties' stipulated facts and the contents of Plaintiff's exhibits. After Plaintiff's counsel stated this position, counsel for Debtors Neil and Maria Miller orally moved for a judgment as a matter of law.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

The parties agreed that the Court should evaluate and resolve Debtors' motion before proceeding, if necessary, with Debtors' presentation of evidence at trial.  Plaintiff requested that Debtors' motion be briefed.  Thus, the Court vacated the trial date and set a briefing schedule.  Debtors filed a written Motion for Judgment as a Matter of Law [ECF No. 54] (the "Motion"), and Plaintiff filed her Response to the Motion [ECF No. 56] (the "Response").

In accordance with Federal Rule of Bankruptcy Procedure 7052, this constitutes the Court's findings of fact and conclusions of law.  For the following reasons, the Court will grant Debtors' Motion and enter a judgment dismissing Plaintiff's Amended Complaint [ECF No. 4] (the "Complaint") with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff obtained a Kentucky state court judgment against Debtors and, in the context of her prior motion for summary judgment, contended that this judgment was entitled to preclusive effect in this proceeding, requiring a judgment in her favor on her § 523(a)(6) claim against Debtors as a matter of law.  This Court denied Plaintiff's motion for summary judgment [ECF No. 39] (the "Order").  The Order set forth pertinent facts and the procedural history of this adversary proceeding and in the Kentucky state court and explained why "collateral estoppel does not fit this case."  [Order at 1.]  Rather than quote extensively from the Order, this Memorandum Opinion incorporates the Factual and Procedural Background in the Order by reference as if set forth at length herein.

Following entry of the Order, the parties filed their exhibit lists and exhibits.  Plaintiff's exhibits are:

Exhibit 1: the Amended Complaint filed in the Kentucky state court case;
Exhibit 2: the judgment entered in the state court case finding against Debtors on liability;

2

Exhibit 3: a Memorandum filed with the state court in support of Plaintiff's request for damages against Debtors;

Exhibit 4: the state court's Findings of Fact, Order and Award of Damages (the "Judgment") entered after a damages hearing, which Plaintiff contends is entitled to preclusive effect in this proceeding;

Exhibit 5: an Assignment of Debt Agreement by which Plaintiff, as Assignor (on behalf of her deceased husband's estate), assigned all "right, title, and interest" in the debt arising from the Judgment to herself as Assignee (individually and as Trustee for her two minor children);

Exhibit 6: Maria Miller's discovery responses in this proceeding dated December 22, 2017;

Exhibit 7: Neil Miller's discovery responses in this proceeding dated December 22, 2017;

Exhibit 8: Maria Miller's discovery responses in this proceeding dated February 13, 2018;

Exhibit 9: Neil Miller's discovery responses in this proceeding dated February 13, 2018;

Exhibit 10: Maria Miller's discovery responses in this proceeding dated May 1, 2018; and

Exhibit 11: Neil Miller's discovery responses in this proceeding dated May 1, 2018.[2]

[*See* ECF No. 42.[3]]   In addition, the parties filed the following joint stipulations of fact:

1. Jurisdiction is proper before this Court.

2. On the 14th day of December 2012, Defendant Maria Miller operated an uninsured motor vehicle owned by Defendant Neil Wallace Miller when she caused a car accident that killed Joseph M. Gripshover.

3. Plaintiff Ashley Gripshover was the wife of Joseph M. Gripshover at the time of his death and was left alone to raise two minor children, J.G.M. and E.S.P.

4. On August 19, 2014, Plaintiff, both individually and as administratrix of Joseph M. Gripshover's estate, initiated a state court action against [Debtors] in Gallatin Circuit Court Case No. 14-CI-00127 (the "State Court Action").

5. On January 7, 2015, Plaintiff filed an Amended Complaint (the "Kentucky Complaint"), which served as the operative pleading for the State Court Action. The Kentucky Complaint asserted claims against both [Debtors] for wrongful death, loss of consortium, negligence, and negligence per se, and also alleged a

---

[2] None of the discovery responses submitted as Plaintiff's trial exhibits contain the questions to which Debtors were providing responsive information, and Plaintiff did not tender a copy of her discovery requests as a trial exhibit.

[3] Debtors' exhibit list states that they "have no further Exhibits to add to the list of Exhibits filed with this Court by Plaintiffs [*sic*]."   [ECF No. 44 at 1.]

claim against [Debtor] Neil Wallace Miller for negligent entrustment insofar as he asked Maria to drive his car despite his knowledge that her driver's license had been revoked.

6. [Debtors] were properly served in the State Court Action and filed pleadings to include a Response to the Amended Complaint on August 3, 2015 and a Response to Motion for Judgment on the Pleadings on March 9, 2016.

7. On August 29, 2016, the Gallatin Circuit Court entered judgment against [Debtors] as to all claims and causes of action plead against them, with the Court reserving on the issue of damages. [Debtors] did not appeal this Judgment.

8. On May 30, 2017, Plaintiff filed her Memorandum in Support of Damages with the State Court, outlining all damages suffered.

9. A damages hearing was held on June 7, 2017, at which time [Debtors] both appeared pro se and addressed the Court by way of a prepared statement, legal argument and final argument.

10. On June 28, 2017, the Gallatin Circuit Court entered a damages Order, and found that [Debtors] had willfully and maliciously caused serious injury to Plaintiff, including the death of Mr. Gripshover; that neither [Debtor] had just cause or excuse for their actions; and that both knew objectively of a substantial certainty of harm.   As a result, the Court Ordered [Debtors], jointly and severally, to pay Plaintiff a sum of $14,944,311.55, plus the sum of $276.00 for costs incurred, with these amounts accruing interest at the legal rate of 12% compounded annually.   [Debtors] did not appeal this Final Order.

[11.] [Debtors] filed the underlying Chapter 7 Voluntary Bankruptcy Petition on September 28, 2017.

[12.] Plaintiff filed the instant Complaint under 11 U.S.C. § 523 Objecting to Dischargeability of Debt on October 17, 2017 [Doc 1].

[13.] Plaintiff brought this action pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury to Plaintiff and property of Plaintiff.

[ECF No. 45.]

As previously stated, at the pretrial conference herein, Plaintiff advised that she intended to offer no further testimony or evidence at trial to support her claim against Debtors beyond the stipulations and exhibits already filed in the record.   After Plaintiff stated that she had fully submitted her case-in-chief, and the Court confirmed that Debtors had no objections to the admissibility of any of the exhibits, Debtors moved for a judgment as a matter of law.   The Motion is ripe for a decision.

## ANALYSIS

This Court has jurisdiction over this adversary proceeding and venue is proper. 28 U.S.C. §§ 1334(b), 1409. Plaintiff's non-dischargeability claim is a core proceeding. 28 U.S.C. § 157(b)(2)(I). The parties have consented to this Court's entry of final orders.

The Motion seeks judgment in Debtors' favor, asserting that Plaintiff failed to prove the required elements of her § 523(a)(6) claim in her case-in-chief. *See* FED. R. BANKR. P. 7052 and FED. R. CIV. P. 52(c). The Order sets forth legal analysis with respect to the elements that a plaintiff must prove to establish a claim under § 523(a)(6) and Kentucky law on issue preclusion. [Order at 3-5.] The law on these issues has not changed since the Court entered the Order, and the Court incorporates its discussion of these legal issues in the Order by reference.

In the Motion, Debtors argue that Plaintiff has not proven her case by a preponderance of the evidence because she has not established that the debt Debtors owe to Plaintiff is for a willful and malicious injury that Debtors caused to Plaintiff (as Assignee of the Judgment). Debtors contend that this Court may not accord weight to the state court's statements in the Judgment that Debtors' actions amounted to willful and malicious conduct. For support, Debtors cite this Court's Order denying Plaintiff's motion for summary judgment, which explains that the elements of the causes of action in the state court proceeding—for negligence, negligence per se, negligent entrustment, and wrongful death—do not include whether the conduct at issue caused a willful and malicious injury, and that the state court did not award punitive damages to Plaintiff. Debtors posit that

> [s]ince this Court made that finding and denied the Motion for Summary Judgment, no new evidence has been entered by [Plaintiff] and nothing eventuality has changed in this Action [*sic*]. Therefore based on this Court's earlier ruling [Plaintiff has] failed to prove willful and malicious [actions] by the [Debtors] by a preponderance of the evidence, and as a matter of Law have failed to prove that the Debt here-in is non-dischargeable.

5

[Motion at 3.]

Plaintiff's Response quotes the stipulations listed above, cites general case law on the elements of a § 523(a)(6) claim, and notes the many categories of damages Plaintiff asked the state court to award in her Memorandum regarding her damages (Plaintiff's Exhibit 3 [ECF No. 42-3]).  Plaintiff then contends that, following the damages hearing in state court, that court issued the Judgment and "*the State Court specifically noted accepting Plaintiff's testimony and the contents of her Memorandum in Support of Damages **as fact***."   [Response at 5 (emphasis in original).]   The Response emphasizes the state court's findings in the Judgment with respect to Debtors' conduct:

> The State Court found that [Debtors] *had willfully and maliciously* caused serious injury to Plaintiff, including the death of Joseph M. Gripshover; that neither Defendant had just cause or excuse for their actions; and that both knew objectively of a substantial certainty of harm.   As a result, the State Court Ordered [Debtors] to jointly and severally pay Plaintiff a sum of $14,944,311.55, plus the sum of $276.00 for costs incurred, with these amounts accruing interest at the legal rate of 12% compounded annually[.]

[*Id*. (emphasis in original).]   The Response concludes with, essentially, an argument under principles of collateral estoppel:

> The findings and determination of the State Court, as summarized above, clearly establish that [Debtors'] conduct was both "willful and malicious."   As such, entry of judgment determining that the obligation of [Debtors] on the judgment Plaintiff obtained in the State Court Action is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) [willful and malicious injury] is warranted, just and proper. As such, Plaintiff respectfully asks this Honorable Court to deny [Debtors'] Motion and enter an Order finding that [Debtors'] debt to Plaintiff is nondischargeable.

[*Id*. at 6.]

Plaintiff's renewed collateral estoppel argument fails as a matter of law for the reasons stated in the Order and reiterated in the Motion.   Plaintiff's focus on the state court's use of the words "willful" and "malicious" is misplaced.   While the state court's Judgment references the

6

"willful malice" of Maria Miller when operating the vehicle, and states that Neil Miller acted "willfully and with malice" by "negligently entrust[ing]" his vehicle to his wife, these statements, even if couched as "findings," were unnecessary to resolve the negligence-based causes of action asserted in the state court.   Under established law, because the causes of action in the state court complaint did not require the state court to determine whether Debtors caused a willful and malicious injury to Plaintiff (individually or as administratrix of Mr. Gripshover's estate), these findings do not establish Debtors' liability under § 523(a)(6), as this Court previously explained.   [Order at 6.]

Plaintiff offers no new evidence to establish that Debtors caused a willful and malicious injury to Plaintiff.   She does not identify any specific response to discovery demands (admitted as exhibits) in which Debtors conceded that they caused a willful and malicious injury to Plaintiff (as Assignee).   There is no other evidence admitted for purposes of Plaintiff's case-in-chief that speaks to whether Debtors intended to cause a willful and malicious injury, including the parties' stipulations which merely summarize the findings in the Judgment.   Plaintiff opted not to examine Debtors at the trial to seek testimonial admissions regarding whether they caused a willful and malicious injury.   In sum, there simply is no evidence by which this Court could conclude that Debtors (or either of them) intended to cause the death of Mr. Gripshover or believed that his death was substantially certain to occur.   Notwithstanding the severity of the injury (here, wrongful death), the law's focus is not on the type of injury, but on the nature of a debtor's intention to cause the injury.   *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455 (6th Cir. 1999) (stating that § 523(a)(6) requires "a deliberate or intentional injury"); *see also Blocker v. Patch (In re Patch)*, 526 F.3d 1176 (8th Cir. 2007) (affirming summary judgment dismissing a § 523(a)(6) claim after the murder of the debtor's child by her abusive boyfriend,

7

explaining that the record did not establish that the debtor desired to bring about the child's death, or that the debtor was substantially certain that the child's death would result from entrusting the child to the abuser). While there is no question that Debtors' negligence caused Mr. Gripshover's death, Debtors are correct that Plaintiff has not carried her burden to establish the necessary elements of her § 523(a)(6) cause of action.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED. A judgment in conformity herewith will be entered.

8

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Monday, December 10, 2018
(tnw)